UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fresh Farms E Liquid LLC,

Plaintiff,

v.

Beth Tischler, *et al.*,

Defendants.

Case No. 3:26-cv-2059

ORDER

Defendant the State of Ohio filed a motion to modify the preliminary injunction I entered in this case in light of the partial stay entered by the Sixth Circuit Court of Appeals of a preliminary injunction in *Titan Logistics Group, LLC v. Tischler*, No. 26-3648 (6th Cir.). (Doc. No. 30). A district court has "the power to modify or dissolve preliminary injunctions to account for significant intervening changes in the law or facts." *FemHealth USA, Inc. v. Williams*, 83 F.4th 551, 556 (6th Cir. 2023) (citation omitted).

Plaintiff Fresh Farms E Liquid LLC opposes the motion, arguing the order in *Titan Logistics* "does not change the circumstances this Court found required preliminary relief for Fresh Farms," and that that order "arose from a different case, on a different record, and in a different procedural posture." (Doc. No. 34 at 2, 3).

In its order, the Sixth Circuit granted the State of Ohio's motion for a stay pending appeal in part, ordering:

> The preliminary injunction remains in effect as to the named Plaintiffs only, and only insofar as it prohibits enforcement of: (1) Ohio Administrative Code 3796:6-3-01(C)'s geographic sourcing restriction or (2) any other requirement that conditions

> Plaintiffs' market participation on cultivation or processing operations taking place in Ohio. The injunction is stayed in all other respects pending appeal.

(Doc. No. 33-1 at 11).

As Fresh Farms points out, I previously concluded that a narrower injunction than the one I entered "would not remedy the unconstitutional exclusion of Fresh Farms from Ohio's market for intoxicating hemp products." (Doc. No. 28 at 7). But this case arose "under identical circumstances" to *Titan Logistics*, (Doc. No. 1 at 17), and involves an identical injunction. And I see no reason to think the Sixth Circuit would leave the preliminary injunction in this case in place in the event of an appeal.

Therefore, I conclude the circumstances of this case have sufficiently changed to warrant revision of the preliminary injunction I previously entered, and I grant the State of Ohio's motion.

I hereby modify the earlier injunction, (Doc. No. 28), to preliminarily enjoin Defendants from enforcing Ohio Administrative Code 3796:6-3-01(C)'s geographic sourcing restriction and any other requirement that conditions Fresh Farms' market participation on cultivation or processing operations taking place in Ohio.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge